Malsbary, J.
On November 10, 1904, an election was held, under the Brannock Law, in a certain residence district in the,city of Ci'ncin *118 nati, the boundary lines of which are set forth in the petition filed in this case.
The portion of the Bran-nock Law that affects the case at bar is as follows:
“Section 11. Any person being a qualified elector of any residence district of any municipal corporation wherein an election shall h-ave been held as provided for in this act may contest the validity of such -election by filing a petition duly verified with the probate court of the county in which s-ueh residence district is situated, within ten day.s after the election setting forth the grounds for contest. The probate judge, upon th-e filing of such petition, shall forthwith issue a summons addressed to the mayor of such municipal corporation notifying him of the filing of such petition and directing him to appear in said court on behalf of said residence district at a time named in the summons, which time shall not be more than twenty days after the election nor less than five days after the filing of such petition. • The probate judge shall have- final jurisdiction to hear and determine the merits of the proceedings, and in other respects in the procedure of the hearing he shall be governed by the law providing for the contesting of an election of a justice of the peace so far as s-uch law is applicable. The probate court shall require the person or persons contesting the election to furnish security for costs before said petition is filed. Any qualified elector of -such residence district may appear in person or by attorney, in such contested election case in defense of the validity of the election.”
The petition -in this case was filed in this court at a time when the judge was absent- from the eour-t -house, on Saturday, the 19th day of November, 1904, under the following circumstances:
Charles W. Short, who is not an attorney, appeared at the probate court a short time before the closing hour on s-aid day, and asked the deputy in charge to swear him to the petition filed in this case. The deputy s-aid to him that, in his opinion, he. should sign a written oath at the bottom of the petition before filing the same. He insisted, however, on swearing to the facts set forth in the petition without subscribing his- name to a written oath. The deputy, therefore, administered the oath, in accordance with his request, and then immediately marked the petition filed, and' afterwards certified the fact that the petition was s-worn to in regular form-, at the bottom of the petition. *119 The name of Charles W. Short, however, appears in the petition, at the beginning, in the following words:
“Now comes Charles W. Short, and says that he is a qualified elector in the following residence district, to-wit:”
Then follows a description of the territory, and the other facts set forth in the petition, which are not necessary to be set out here.
This was the first case of the kind filed in this court. No precipe was filed for summons by Charles W. Short, or any one else.
When afterward an attorney for the plaintiff appeared in the case and called the attention of the court to that portion of Section 11 above set out, relating to the issuance and service of summons, more than ten days had elapsed after the filing of said petition, and more than twenty days had elapsed after said election was held. It was agreed by all counsel in the case, at the hearing of this matter, that Charles W. Short, not being a lawyer, and the deputy who swore Mm to the petition not knowing of the statute in this case, and not having his attention called! to the same, and the court personally knowing nothing of the facts, being absent at the time, were all excusable, because no summons was issued. No summons, therefore', was issued, and no service ever made upon the mayor, in accordance with said statute.
On November 30, 1904, one Andrew Scbrimper, a qualified elector of said district, filed a motion, through his attorney, to strike said petition from the files, assigning in said motion his reasons, in the 'following words, “not intending in any manner to enter his appearance in this action, but for the sole purpose of protesting and objecting to the petition filed herein, for the reason that it is not duly verified according to law, and to set aside service of process, because it was not made according to law. ’ ’
Also, on November 30, 1904, one John Barron, a qualified elector of said district, filed a motion, through his attorney, to strike said petition from the files, assigning in said motion his reasons, in the following words, “not intending in any manner to enter his" appearance in this action, but for the sole purpose of protesting and objecting to the petition filed herein and the *120 summons issued herein, for the reason that it was not duly verified according to law, when filed in said probate court, and because no summons has been issued in accordance with law.” The questions raised in this ease are:
First. Was the petition duly verified?
Second. Did Andrew Schrimper and John Barron, or either of them, by filing said motions, enter their appearance in this case as defendants, so that the case is now at issue and ready to be tried on its merits?
As to the first question, it is necessary to refer to the wording of the statute, to determine whether the petition was “duly verified” in accordance with the statute above quoted.
At the time the petition was filed, the plaintiff, Charles W. Short, made oath before a deputy clerk of the probate court that the facts stated in the petition were true, as he verily believed. Under Section 533, of the Revised Statutes, authority is given a probate court deputy to administer oaths. It is true that the deputy wrote out and signed,. at the bottom of the petition, a certificate setting forth the facts relative to the administering of said oath as they had actually occurred, several days after the petition was filed; but the oath itself was administered, as above stated, before the petition was filed. Was this, then, under this statute, a proper verification? Section 5107 not only requires that the pleading should be verified, but that the verification should be signed by the party who makes it. The section of the Brannock Law requiring the pleading to be “duly verified” does not require that the petitioner shall sign the verification. This, being a special statute, should be strictly followed. The petition, it seems to me, was “duly verified,” because the facts in it were sworn to before the deputy. As the statute does not require that the oath should be signed by the petitioner, it is, therefore, not necessary. The fact is, an oath was administered by an officer duly authorized to administer it, which, it seems to me, complies with this statute requiring the petition to be “duly verified.” A case which seems to me to be clearly in point, as to this question, is The Gambrinus Stock Co. v. Weber, 41 O. S., 689.
To determine the second question, it is- also necessary to refer to the wording of the statute above quoted. The requisites laid down in the statute are as follows:
*121 First. A qualified elector may file a petition, duly verified, within ten days after the election, setting forth the grounds for contest.
- Second. The probate judge, upon the filing of such petition, shall forthwith issue a summons, addressed to the mayor of the corporation, notifying him of the filing of the petition, etc., within a time not more than twenty days after the election, nor .less than five days after the filing of such petition.
I have already said that the petition was properly verified when filed. It was filed with the probate court within ten days after the election. For the reasons, however, explained above, no summons was ever issued on said petition and served on the mayor of the city of Cincinnati. In an election contest, as I understand the law, the statute must be strictly followed and strictly construed. As there is no law governing this matter, except the law above quoted, I am of opinion that as no summons issued upon the petition within the time limited by the statute, and which should have then been served on the mayor, that the statute has, therefore, not been complied with. It is surely the intent of the law that the mayor shall at least have the opportunity to come in and defend the rights of the city of Cincinnati, in a proceeding of this kind. This he did not have. It seems to me that this is a preliminary and necessary requisite to a hearing of the case on its merits.
I conclude, therefore, that no action was begun in this matter—mo proper case filed in this court in accordance with the statute. If no action was begun, then there was nothing to which an appearance of any person could be entered, for the statute says that-—•
“Any qualified elector of such residence district may appear in person, or by attorney, in such contested election case, in defense of the validity of the election. ’ ’
There being no case filed, there could be no entry of appearance. The only entry of appearance authorized by this statute is, tha't after a case is filed, in order to defend the validity" of the election, any qualified elector of such residence district may appear in person or by attorney, etc.
This is the only right granted by statute to such elector. It *122 follows, therefore, that not only the petition, but also both of said motions should be dismissed.
Wayne B. Wheeler and B. T. Doly, for plaintiff.
Fred L. Hoffman, for Schrimper and Baron.
The only decision that I find bearing on this particular section is one by Judge Geiger, in the ease of a petition filed in-the Clark County Probate Court, under the Brannoek Law (2 N. P.—N. S., 389). I have applied the principles laid down by Judge Geiger, in the case above cited; as far as I think them applicable to the last question in the case at bar, and believe them, sound in reason.
The petition and both of said motions will, therefore, be dismissed..